Chief Judge Desmond (dissenting).
I vote to affirm on the Appellate Division Per Curiam and particularly on Matter of Swalbach v. State Liq. Auth. (7 N Y 2d 518) and Martin v. State Liq. Auth. (15 N Y 2d 707, decided under the new 1964 statute). These cases read together mean that while “ public convenience and advantage ” is a sufficient legislative standard to guide the Authority in the exercise of its discretionary power to transfer licenses, nevertheless the Authority must make a record and in each instance issue specific factual findings on this question of “ public convenience and advantage ” so that a court review of the Authority’s reasons is possible. The Authority, therefore, exceeded its powers when it authorized this transfer on general policy considerations as to proximity of liquor stores and without any specific findings at all. This question, of course, is not reached in Cantlin v. State Liq. Auth. (16 N Y 2d 155, decided today).
Judges Dye, Fuld and Van Voorhis concur with Judge Bergan ; Chief Judge Desmond dissents and votes to affirm in an opinion in which Judges Burke and Scileppi concur.
Order reversed, without costs, and matter remitted to Special Term with a direction to reinstate the determination of the State Liquor Authority.